NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CRYSTAL A. OLESEN, *Petitioner/Appellee*,

*v.*

MATTHEW CHARLES DANIEL, *Respondent/Appellant*.

---

KRYSTAL K. BURGE and EVERETT L. BURGE,
*Intervenors/Appellees*

No. 1 CA-CV 22-0392 FC

FILED 1-31-2023

---

Appeal from the Superior Court in Yavapai County
No. P1300DO201300587
The Honorable Cele Hancock, Judge

**AFFIRMED**

---

COUNSEL

Law Offices of Robert L. Frugé, P.C., Prescott
By Robert L. Frugé
*Counsel for Petitioner/Appellee and Intervenors/Appellees*

Catherine Fine Attorney at Law, Flagstaff
By Catherine Fine
*Counsel for Respondent/Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Respondent/Appellee Arizona Department of Economic Security*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Chief Judge Kent E. Cattani joined.

**C R U Z**, Judge:

¶1        Matthew Charles Daniel ("Father") appeals the superior court's order awarding sole legal decision-making regarding L.D. and almost all parenting time to L.D.'s maternal grandparents, Krystal K. and Everett L. Burge ("Grandparents"). This is the second appeal involving these issues. In the first appeal, we vacated the superior court's order because the court failed to make required findings regarding Father's attempt to rebut the statutory presumption that an award of sole or joint legal decision-making to him would be contrary to the child's best interests. This appeal addresses the court's findings on remand. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        The superior court, in 2014, granted Father and Crystal A. Olesen ("Mother") a divorce by consent decree. The decree incorporated their stipulated parenting plan, which provided joint legal decision-making concerning L.D. and his twin brother, I.D., with Mother having most of the parenting time. This appeal only concerns L.D. Father's rights as to I.D. are not at issue.

¶3        In June 2014, Mother petitioned for a protective order for herself and the children, alleging Father drove to Mother's house at 2:30 a.m. with the children in his car, unlawfully entered her home, attempted to arm himself with her shotgun, and took $100. The court granted the petition, thus effectively suspending Father's parenting time. Mother later requested the protective order terminate because, as she explained in her motion, Father had proven to be reasonable and non-threatening, they had resolved all points of contention through mediation, and Mother wanted him to be part of the children's lives.

¶4        Mother petitioned for another protective order in June 2016, alleging that at a meeting to exchange the children, Father assaulted her in front of them after learning she had vaccinated the children against his wishes. The court granted Mother's petition. Shortly thereafter, Mother

petitioned to modify parenting time and legal decision-making. After a combined trial on the protective order and modification petitions, the court awarded Mother sole legal decision-making authority and limited Father's parenting time to supervised visits three times per month. In making its ruling, the court found "*significant and ongoing domestic violence* by Father against Mother."

**¶5**        By early 2018, L.D. developed substantial behavioral issues and had, on occasion, acted violently toward Mother and I.D. L.D. began living with Grandparents, and I.D. returned to live with Mother. While in Grandparents' care, L.D. met weekly with a counselor, and over time, his behavior improved significantly.

**¶6**        The court later suspended Father's parenting time after he violated its order by spending unsupervised time with the children. Father petitioned to modify the parenting plan, and Grandparents intervened to petition for third-party parenting rights of L.D. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-409(A). The court conducted a trial on the competing petitions, and in its 2020 order awarded Grandparents sole legal decision-making of L.D. and almost all parenting time. The court awarded Father four hours of supervised parenting time each month at L.D.'s counselor's discretion.

**¶7**        Father appealed, and this court remanded for the superior court to, if requested, "conduct a hearing to determine legal decision-making and parenting time under A.R.S. §§ 25-403 and -409," and to correct the court's failure "to make the required findings regarding whether Father rebutted the statutory presumption." *Olesen v. Daniel*, 251 Ariz. 25, 31, ¶¶ 24-25 (App. 2021). The superior court held a trial and issued its 2022 order, making a specific finding that Father had not rebutted the § 25-403.03(D) presumption that "an award of sole or joint legal decision-making to the parent who committed the act of domestic violence [against the other parent] is contrary to the child's best interests." *See* A.R.S. § 25-403.03(D). The court also adopted by reference its previous findings from the 2020 order.[1]

---

[1]      By an apparent typographical error, the superior court incorrectly cited the date of this appellate court's decision when attempting to incorporate by reference its own prior findings. However, both parties agree on appeal that the superior court intended to incorporate by reference

**¶8**          Father timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION[2]

**¶9**          As a preliminary matter, we note Father's brief fails to comply with ARCAP 13. Father fails to adequately cite to the record in his statement of facts and arguments and generally fails to cite to legal authority to support his arguments. *See* ARCAP 13(a)(5), (7). This court may dismiss an appeal when the appellant fails to comply with the Rules of Civil Appellate Procedure. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984). In our discretion, however, and because the best interests of a child are at issue, we consider Father's appeal. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).[3]

### I.    A.R.S. § 25-403.03

**¶10**          Father argues a rebuttal of § 25-403.03(D) "as between parents requires a different analysis than that for third-party custody." Father claims the court erred in making its findings under § 25-403.03(E) because this subsection "regulates legal decision-making as between parents," not between one parent and third-party intervenors.

**¶11**          As Mother and Grandparents note in their brief, Father did not raise this argument in the superior court and has arguably waived the argument on appeal. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593-94, ¶ 25 (App. 2021). Waiver notwithstanding, Father's argument fails under § 25-403.03(D), which provides that when the superior court finds

---

the findings from its 2020 order, and we therefore address the parties' arguments accordingly.

[2]          Father filed a motion requesting leave to petition the superior court to vacate the portion of its parenting time order "that delegates the determination of Father's parenting time to" L.D.'s counselor. We decline Father's request to stay the appellate proceedings and revest jurisdiction in the superior court to determine this issue. *See* ARCAP 3(b). The motion is denied.

[3]          To the degree Father's brief may reference evidence outside the record on appeal, this court has not considered such evidence. *See Schaefer v. Murphey*, 131 Ariz. 295, 299 (1982) ("As an appellate court, we are confined to reviewing only those matters contained in the record.").

one parent has committed an act of domestic violence against the other, there is a rebuttable presumption that sole or joint legal decision-making authority *by the offending parent* is contrary to the child's best interests. Father offers no legal authority for the proposition that "a rebuttal of A.R.S. § 25-403.03(D) as between parents requires a different analysis than that for third-party custody." And a plain reading of A.R.S. § 25-403.03(D) reveals the focus of inquiry is the offending parent, his conduct, and whether that parent should be granted legal decision-making authority. Nothing in the statute requires that legal decision-making authority be given to one of the two parents only and never to a third party.

¶12 Father argues the court erred in finding he did not rebut the § 25-403.03(D) presumption. "On appeal, we will not disturb the family court's custody or parenting time orders absent an abuse of discretion." *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). A court abuses its discretion when it commits an error of law in reaching a discretionary decision, reaches a conclusion without considering the evidence, commits another substantial error of law, or makes a finding lacking substantial evidentiary support. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007).

¶13 In determining whether a parent has rebutted this presumption, and thus may be granted legal decision-making authority, the court considers the factors set forth in A.R.S. § 25-403.03(E). And "[i]n a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). The court did so in this case.

¶14 Father argues the superior court abused its discretion by failing to consider changed domestic violence circumstances since 2016, and he asserts the court's § 25-403.03(E)(1) findings are not supported by the evidence. But the superior court's order notes that, in making its findings, it considered "the entirety of the file" including the parties' testimony and evidence presented at trial, as well as the case history. The superior court evaluated the relevant evidence in a detailed analysis and provided adequate findings in compliance with § 25-403.03(E). We will not disturb the court's findings when supported by substantial evidence. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2019).

¶15 Father claims the court's § 25-403.03(E)(2) discussion regarding his completion of a domestic violence course misstates the facts. We review the superior court's factual findings for clear error and leave to

the superior court the determination of witness credibility and the resolution of conflicting evidence. *Ahwatukee Custom Ests. Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000); *Lee v. Lee*, 133 Ariz. 118, 123 (App. 1982). When discussing this factor, the court found that Father completed a domestic violence course, but also noted he was required to complete the course as part of his plea agreement in the resulting criminal case. Father argues he was not required to complete a domestic violence course under the plea agreement and that he completed the course before he entered the plea agreement. But the plea agreement shows Father agreed to pay a $250 fine, *complete a domestic violence course*, have no contact with Mother for six months, and participate in unsupervised probation. And the record shows Father completed the course on March 15, 2017, one day *after* entering the plea agreement. In any event, the court ultimately concluded that Father completed the domestic violence course, but that factor alone is not dispositive of the legal decision-making and parenting time issues. *See Pollock v. Pollock*, 181 Ariz. 275, 278 (App. 1995) (explaining best interests factors are "weighed collectively," and "no single factor is controlling").

## II.    Judicial Bias

**¶16**    Father alleges the court's order "illustrates a profound twisting of Father's testimony" and argues the court was biased in favor of Grandparents. Father asks this court to reweigh evidence and redetermine the credibility of witnesses on appeal, but we will not substitute our judgment for that of the trial judge on matters of credibility. *See Cook v. Losnegard*, 228 Ariz. 202, 205, ¶ 11 (App. 2011). A party challenging a judge's impartiality must overcome the presumption that judges are "free of bias and prejudice," *State v. Rossi*, 154 Ariz. 245, 247 (1987), and must "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced," *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or a deep-seated favoritism." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). Father alleges the superior court judge fabricated facts, "minimize[d]" Father's testimony and parental efforts, and was "heavily invested" in L.D. remaining with Grandparents. Father's allegations do not overcome the presumption of judicial impartiality. *See Rossi*, 154 Ariz. at 247; *see also Medina*, 193 Ariz. at 510, ¶ 11.

III.     A.R.S. § 25-409

**¶17**          Father also argues the superior court abused its discretion in awarding Grandparents sole legal decision-making of L.D. and almost all parenting time, and he challenges the court's best interests findings.  We review legal decision-making authority and parenting time orders for an abuse of discretion, *Nold*, 232 Ariz. at 273, ¶ 11, but we review the court's interpretation and application of A.R.S. § 25-409 de novo, *Chapman v. Hopkins*, 243 Ariz. 236, 240, ¶ 14 (App. 2017).

**¶18**          Father claims the court erred in making A.R.S. § 25-403 best interests findings that are not supported by clear and convincing evidence, and A.R.S. § 25-409 findings that are unsupported by explicit findings of fact.

**¶19**          Arizona law establishes a rebuttable presumption that "awarding legal decision-making to a legal parent serves the child's best interests because of the physical, psychological and emotional needs of the child to be reared by a legal parent."  A.R.S. § 25-409(B).  A third party may rebut that presumption if she establishes, "by clear and convincing evidence that awarding legal decision-making to a legal parent is not consistent with the child's best interests." *Id.*  Section 25-403(A) provides specific factors for the court to consider in determining a child's best interests.   The child's best interests are the primary consideration in awarding legal decision-making authority and parenting time. *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003).

**¶20**          Father claims the court's § 25-403 best interests findings are not supported by clear and convincing evidence.  But the record shows the court considered all the statutory factors described above, and the court considered "the entirety of the file" when making its findings. *See supra* ¶ 14.  The superior court evaluated all relevant evidence and provided detailed findings in its 27-page order in compliance with § 25-403.

**¶21**          As to A.R.S. § 25-409 findings, Father argues the court's ruling is only one sentence long and does not explain "the reasons for which the decision is in the best interests of the child." *See* A.R.S. § 25-403(B).  The court's findings must be stated on the record and cannot be presumed or implied, as Mother and Grandparents suggest. *See DeLuna v. Petitto*, 247 Ariz. 420, 425, ¶ 19 (App. 2019).

**¶22**          We agree the superior court's statement that it need not make § 25-409 findings after finding Father failed to rebut the § 25-403.03(D) presumption was an incorrect statement of the law.  However, the court

sufficiently incorporated its previous § 25-409 findings into the 2022 order. There is no requirement that the court restate its § 25-409 findings in the 2022 order when it had already incorporated them by reference.

**¶23** Father also argues the court erred in incorporating the findings from its 2020 order into the 2022 order. Father claims the superior court cannot reinstate a vacated order, and he asserts Grandparents do not currently have legal decision-making authority, primary physical custody, or parenting time of L.D. because this court vacated the original order granting them custody and parenting time. But in Father's previous appeal, this court only vacated the superior court's ruling to the extent it failed to make required findings regarding whether Father established a change in circumstances to rebut the statutory presumption that his previous domestic violence issues rendered him unfit to have legal decision-making authority regarding L.D. *Olesen*, 251 Ariz. at 31, ¶¶ 24-25. Father cites no relevant legal authority to support his argument that under these circumstances a court may not incorporate findings from a previous order into its present order. Accordingly, the court did not err by incorporating the findings from its 2020 order into its 2022 order.

IV.    Attorneys' Fees

**¶24** Mother and Grandparents request an award of attorneys' fees on appeal pursuant to A.R.S. §§ 12-349(A) and 25-324. We decline to award fees as a sanction under § 12-349(A), but, after considering the relative financial resources of the parties and the reasonableness of the positions asserted on appeal, we award Mother and Grandparents reasonable attorneys' fees and costs under § 25-324(A), upon compliance with ARCAP 21.

**CONCLUSION**

**¶25** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7