NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EDWARD D. FITZHUGH, *Plaintiff/Appellant,*

*v.*

SHAUNA MILLER, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0037
FILED 3-7-2024

Appeal from the Superior Court in Maricopa County
No. CV2020-095311
The Honorable Stephen M. Hopkins, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Edward D. Fitzhugh, Tempe
*Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Daniel O. King, Jonathan P. Barnes, Jr., Arcangelo S. Cella
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

**P E R K I N S**, Judge:

¶1          Edward D. Fitzhugh challenges the superior court's order dismissing his amended complaint against Appellees Shauna Miller and the State Bar of Arizona ("State Bar") for lack of subject matter jurisdiction and because Appellees have immunity from his claims. Though we conclude the superior court had subject matter jurisdiction over Fitzhugh's claims, we affirm its immunity ruling, and thus its dismissal of Fitzhugh's suit.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          On appeal from the grant of a motion to dismiss, we "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

¶3          Fitzhugh is a former attorney who was licensed to practice in Arizona. In 2009, Fitzhugh represented a woman ("Applicant") in her application for admission to the State Bar. Miller represented the State Bar. In that capacity, Miller opposed the Applicant's admission. The bar committee on admission ruled in the Applicant's favor.

¶4          Around 2013, Miller sent Fitzhugh a letter demanding he explain a complaint against him by another attorney. Fitzhugh responded to the letter but later learned that the attorney had written a supplemental letter to the complaint, which Fitzhugh believed exonerated him. Fitzhugh asked Miller why she had not sent him the letter. Miller responded that she "did not believe [the attorney's] letter was relevant."

¶5          In April 2016, Miller filed a five-count bar complaint against Fitzhugh. In the complaint, Miller alleged that Fitzhugh had not informed the judge in one of his cases that the State Bar had suspended his license. Miller also alleged that Fitzhugh failed to obtain representation for a client in a second case during his suspension. Fitzhugh asserted Miller's complaint violated "the State Bar's policy not to get involved in matters that are currently the subject of litigation" related in part to Fitzhugh's bankruptcy.

¶6          Miller's bar complaint culminated with the loss of Fitzhugh's license to practice law.

¶7          Fitzhugh sued Miller and the State Bar for tort damages arising from his disbarment. Fitzhugh claimed Miller was liable for abuse

of process and malicious prosecution because she filed a bar complaint that she knew contained false allegations. Fitzhugh also claimed Miller's acts and omissions were negligent and "violated Plaintiff's right to be treated impartially." And he claimed Miller intentionally inflicted emotional distress upon him. He also alleged the State Bar negligently or inadequately hired, trained, or supervised Miller and "is . . . liable in respondeat superior" for Miller's acts.

¶8 Appellees moved to dismiss Fitzhugh's amended complaint, contending (1) the superior court lacked subject matter jurisdiction over Fitzhugh's claims because they arose out of the attorney disciplinary process, and (2) they were immune from suit under Arizona Supreme Court Rule 48(l). The superior court granted the motion on both grounds.

¶9 Fitzhugh separately moved for reconsideration, a new trial, and a change of judge, which the court denied. Fitzhugh then appealed "the final decision endorsing Judge Hopkins granting Defendants' Motion to Dismiss," as well as "judge Thomason's confusing ruling that obliquely supported judge Hopkins ruling." Fitzhugh did not appeal the denial of his motions for a new trial and for reconsideration. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10 "We review de novo an order granting a motion to dismiss for failure to state a claim." *Abbott v. Banner Health Network*, 239 Ariz. 409, 412, ¶ 7 (2016). "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (cleaned up). "[W]e may affirm the court's dismissal order on any basis supported by the record." *R.O.I. Props. LLC v. Ford*, 246 Ariz. 231, 235, ¶ 13 (App. 2019).

## I. Subject Matter Jurisdiction

¶11 The superior court concluded it lacked subject matter jurisdiction over Fitzhugh's claims because "review of any alleged due process violations [in the attorney disciplinary process] is in the purview of the Arizona Supreme Court." Appellees contend we can affirm on this basis alone because Fitzhugh "never disputed the trial court's lack of subject-matter jurisdiction," thereby waiving any such challenge. Issues not raised in the opening brief or in the superior court can be deemed waived. *Heaphy v. Willow Canyon Healthcare, Inc.*, 251 Ariz. 358, 363, ¶ 14 n.4 (App. 2021). But waiver in this context is procedural, not jurisdictional, and we may exercise

discretion in determining whether to address waived issues. *Azore, LLC v. Bassett*, 236 Ariz. 424, 427, ¶ 7 (App. 2014).

**¶12** Fitzhugh did not argue subject matter jurisdiction in his opening brief or in his response to Appellees' motion to dismiss. But subject matter jurisdiction can be raised at any stage of the proceedings. *Olesen v. Daniel*, 251 Ariz. 25, 28, ¶ 9 (App. 2021) (as amended). And we prefer to decide cases on the merits rather than dismiss them on procedural grounds. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). We therefore review the superior court's determination that it lacked subject matter jurisdiction *de novo*. *Mitchell v. Gamble*, 207 Ariz. 364, 367, ¶ 6 (App. 2004).

**¶13** Our supreme court has "exclusive jurisdiction to regulate the admission to the practice of law and the discipline of those admitted." *In re Zawada*, 208 Ariz. 232, 235, ¶ 9 (2004). It determines "who shall practice law in Arizona and under what condition." *In re Creasy*, 198 Ariz. 539, 541, ¶ 6 (2000). But Fitzhugh does not challenge his disbarment. He instead seeks tort damages "to compensate [him] for his humiliation, shame and embarrassment suffered as a result of being disbarred."

**¶14** Arizona courts have exercised subject matter jurisdiction over tort claims stemming from the filing of a bar complaint against an attorney or a legal document preparer. *Goldman v. Sahl*, 248 Ariz. 512 (App. 2020); *Sobol v. Alarcon*, 212 Ariz. 315 (App. 2006); *Sobol v. Marsh*, 212 Ariz. 301 (App. 2006). Appellees cite no authority suggesting tort claims stemming from alleged bar counsel misconduct should be treated differently. *See Goldman*, 248 Ariz. at 530, ¶ 64 (stating that "an action within a disciplinary proceeding may implicate an action for improper litigation conduct"). Fitzhugh's lawsuit does not fall within the Arizona Supreme Court's exclusive jurisdiction over attorney regulation and discipline. The superior court erred in concluding it lacked subject matter jurisdiction.

## II. Fitzhugh's Claims

**¶15** On appeal, Fitzhugh argues the superior court erred by dismissing his claims on the grounds Appellees were absolutely immune. Specifically, Fitzhugh argues Miller is not entitled to immunity as a participant in a judicial proceeding because her acts fell outside her official duties. Throughout his opening and reply briefs, Fitzhugh relies on Arizona Rules of the Supreme Court ("Rule") 32 and 48(l). When Fitzhugh filed his initial and amended complaints, Rule 48(l) stated in relevant part that "state bar staff," among others, "shall be immune from suit for any conduct in the

course of their official duties." Ariz. R. Sup. Ct. 48(l) (eff. July 1, 2018); Ariz. R. Sup. Ct. 48(l) (eff. Jan 1, 2019). We consider the rule as it was written when Fitzhugh initiated this litigation, mindful that it "cannot extend any immunity . . . beyond the protection provided at common law." *Goldman*, 248 Ariz. at 527, ¶ 47.

### A.     Miller

**¶16**        Fitzhugh's claims for abuse of process, malicious prosecution, negligence, and intentional infliction of emotional distress against Miller all hinge on several factual contentions, including that Miller (1) withheld "substantive, exculpatory evidence" and (2) included "knowingly false allegations" in her complaint. On appeal, Fitzhugh argues Miller acted outside her official duties by "providing opposing counsel with information to file a complaint against [him]," but that allegation did not appear in his amended complaint, so we do not address it here.

**¶17**        Fitzhugh contends Miller acted outside her official duties by withholding a letter written in 2013 by an attorney who made a bar complaint against him. Fitzhugh cites no authority to suggest Miller was obligated to provide the letter to him in 2013. And while he alleged the letter would have exonerated him in the 2016 disciplinary proceedings, he did not allege in his complaint that Miller's decision not to provide it fell outside her official duties as bar counsel. *See generally* Ariz. R. Sup. Ct. 49(d) (outlining powers and duties of bar counsel). Miller's decision to withhold the letter is therefore protected under Rule 48(l) and cannot serve as a basis for Fitzhugh's claims.

**¶18**        Fitzhugh next alleged Miller knowingly included false claims in her bar complaint. But Fitzhugh neither alleged in his complaint, nor argues on appeal, that Miller acted outside her official duties in drafting the bar complaint. And even if he had, both the content of statements in a bar disciplinary complaint and the choice of which statements to include in the complaint are protected by the litigation privilege. *See Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984) ("The [litigation privilege] defense is absolute in that the speaker's motive, purpose or reasonableness in uttering a false statement [in a judicial proceeding] do not affect the defense."); *see also Goldman*, 248 Ariz. at 526, ¶ 47 (a disciplinary proceeding is a "judicial proceeding" for purposes of litigation privilege). The alleged false statements cannot form a basis for any of Fitzhugh's claims.

**¶19**        Fitzhugh also contends Miller violated a State Bar policy "not to get involved in matters that are currently the subject of litigation."

Specifically, Fitzhugh alleged Miller violated that policy because "paragraphs 62-71 of . . . [the disciplinary] complaint pertain to matters in [his] bankruptcy that were in litigation." Even if Miller's inclusion of these paragraphs violated an employer policy, they are protected by litigation privilege because they appeared in the complaint.

¶20 In short, all of Fitzhugh's claims hinge on Miller's acts in filing and drafting the bar complaint. Given the litigation privilege immunizes Miller for those acts, the superior court did not err by dismissing Fitzhugh's claims for that reason.

### B. The State Bar

¶21 To support his claims against the State Bar, Fitzhugh cites an outdated version of Rule 32, which stated that the State Bar "may sue and be sued." Ariz. R. Sup. Ct. 32(a)(1) (eff. Jan. 1, 2013). But our supreme court removed that language effective January 1, 2017, before Fitzhugh first pursued litigation against Appellees in 2018 or filed his current complaint in 2020.

¶22 Even assuming the State Bar can be sued and Miller acted negligently, Fitzhugh's conclusory allegation that Miller's "acts and omissions . . . were the direct result of [the] State Bar of Arizona's negligent hiring, training, supervision and retention" would not survive a motion to dismiss. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008*)*. An employer is not liable for negligent hiring and supervision "merely because the one employed is incompetent, vicious, or careless," but rather is liable only if it "has not taken the care which a prudent man would take in selecting the person for the business in hand." *Kassman v. Busfield Enters., Inc.*, 131 Ariz. 163, 166 (App. 1981) (quoting Restatement (Second) of Agency § 213, Comment (d) (1958)). Here, Fitzhugh neither alleged the appropriate standard of care nor that the State Bar failed to adhere to that standard.

¶23 Likewise, Fitzhugh's conclusory claim that the State Bar "is also liable in respondeat superior for the acts and omissions [of Miller]" cannot survive a motion to dismiss because Fitzhugh failed to allege facts in support of any of the elements of respondeat superior liability. *See Smith v. Am. Exp. Travel Related Servs. Co., Inc.*, 179 Ariz. 131, 135 (App. 1994) ("In common law tort actions, however, the acts of the employer's agents generally do not subject the employer to liability unless the elements of the doctrine of respondeat superior are met.").

**CONCLUSION**

¶24 We affirm the dismissal of Fitzhugh's amended complaint. Appellees may recover their taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA