IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CRYSTAL A. OLESEN, *Petitioner/Appellee*,

*v.*

MATTHEW C. DANIEL, *Respondent/Appellant.*

KRYSTAL K. BURGE, et al., *Intervenors/Appellees*.

No. 1 CA-CV 20-0293 FC
FILED 3-11-2021

Appeal from the Superior Court in Yavapai County
No. P1300DO201300587
The Honorable Cele Hancock, Judge
The Honorable Patricia A. Trebesch, Judge (retired)

**VACATED AND REMANDED IN PART**

COUNSEL

Catherine Fine Law Office, Flagstaff
By Catherine Fine
*Counsel for Plaintiff/Appellant*

Law Offices of Robert L. Frugé, P.C., Prescott
By Robert L. Frugé
*Counsel for Defendant/Intervenors/Appellees*

---

**OPINION**

---

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Matthew Daniel ("Father") appeals the superior court's order awarding sole legal decision-making authority and parenting time of his child, Andrew,[1] to the child's maternal grandparents, Krystal and Everett Burge ("Grandparents"). Father argues (1) the superior court lacked subject-matter jurisdiction over the proceeding, and (2) the court failed to specifically address whether he rebutted the presumption that it was contrary to Andrew's best interests to award decision-making to him because he had committed domestic violence. We hold that A.R.S. § 25-402(B)(2) is a venue statute, and Father waived the right to challenge the venue by failing to raise the issue in the superior court. We further hold that A.R.S. § 25-403.03(E) requires the superior court to make findings whether a parent who has committed an act of domestic violence failed to rebut the presumption against granting that parent legal decision-making authority. Because the court did not make those findings here, we grant relief and vacate the superior court's order concerning Andrew. We otherwise affirm the order.

**FACTS[2] AND PROCEDURAL BACKGROUND**

**¶2**　　　　Father and Andrew's mother ("Mother") were divorced by consent decree in April 2014. The decree incorporated their stipulated parenting plan, which provided joint legal decision-making concerning

---

[1]　　　　To protect the identity of the children, we refer to them by pseudonyms.

[2]　　　　We view the evidence in the light most favorable to sustaining the superior court's order. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

Andrew and his twin brother, Brandon.[3] In the parenting plan, Mother had most of the parenting time.

¶3          In June 2014, Mother petitioned for a protective order for herself and the children. Mother alleged that Father drove to her house at 2:30 a.m. with the children in his car, entered her home unlawfully, attempted to arm himself with her shotgun, and took $100. The court granted the petition, which effectively suspended Father's parenting time. In October 2014, Mother requested that the protective order terminate because, as she explained in her motion, Father had proven to be reasonable and non-threatening, they had resolved all points of contention through mediation, and she wanted him to be part of the children's lives.

¶4          In June 2016, Mother petitioned for another protective order, alleging that at a meeting to exchange the children, Father assaulted her in front of them after learning she had vaccinated the children against his wishes. The court granted Mother's petition. Shortly thereafter, Mother petitioned to modify parenting time and legal decision-making. In November 2016, after a combined trial on the protective order and modification petitions, the court awarded Mother sole legal decision-making authority and limited Father's parenting time to supervised visits three times a month ("2016 Order"). In making its ruling, the court found "*significant and ongoing domestic violence* by Father against Mother." (Emphasis in original.)

¶5          By early 2018, Andrew had developed substantial behavioral issues and had, on occasion, acted violently toward Mother and Brandon. In May 2018, the children went to Maine to stay with their paternal grandparents. In August 2018, Andrew began living with his Grandparents in Kingman, while Brandon returned to live with Mother. While in Grandparents' care, Andrew started to meet weekly with a counselor, and over time, his behavior improved significantly.

¶6          In October 2018, the court suspended Father's parenting time because he violated its existing order by spending time with the children without supervision in Maine. In July 2019, Father petitioned to modify the parenting plan. Grandparents intervened to petition for third-party parenting rights of Andrew. *See* A.R.S. § 25-409. The court conducted a trial on the competing petitions. The court received testimony from Mother,

---

3          We note that Father does not raise issues concerning the court's order relating to Brandon.

Father, Grandmother, Andrew's counselor, and the psychologist who conducted Father's psychological evaluation, among others.

¶7            In April 2020, the court awarded Grandparents third-party parenting rights for Andrew, granting them sole legal decision-making and most parenting time ("2020 Order"). The court awarded Father only four hours of supervised parenting time each month at Andrew's counselor's discretion.[4] Father appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### A.     The Superior Court Had Subject Matter Jurisdiction to Hear Grandparents' Petition.

¶8            Father asserts that Andrew was a permanent resident of Mohave County when Grandparents petitioned for third-party rights. As a result, Father claims the superior court did not have jurisdiction to resolve the third-party rights petition they filed in Yavapai County. We conclude that A.R.S. § 25-402(B)(2) prescribes the venue for a third-party rights petition. Because Father raises the venue issue for the first time on appeal, the argument is waived.

¶9            A court's subject matter jurisdiction refers to its "statutory or constitutional authority to hear a certain type of case." *Chapman v. Hopkins*, 243 Ariz. 236, 241, ¶ 19 (App. 2017); *State v. Maldonado*, 223 Ariz. 309, 311, ¶¶ 14–15 (2010); *State v. Espinoza*, 229 Ariz. 421, 426, ¶ 21 (App. 2012) (discussing the difference between subject-matter jurisdiction and the court acting beyond constitutional or statutory authority). "Subject matter jurisdiction cannot be waived, and can be raised at any stage of the proceedings." *Swichtenberg v. Brimer*, 171 Ariz. 77, 82 (App. 1991).

¶10           A.R.S. § 25-311(A) grants the superior court jurisdiction to hear and decide all matters relating to legal decision-making and parenting time. The superior court is a "single unified trial court of general jurisdiction." *DiPasquale v. DiPasquale*, 243 Ariz. 156, 158, ¶ 11 (App. 2017) (quoting *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102 (1995)). All superior

---

4        *But cf. Nold v. Nold*, 232 Ariz. 270, 274, ¶ 14 (App. 2013) (The superior court "can neither delegate a judicial decision to an expert witness nor abdicate its responsibility to exercise independent judgment. The best interests of the child . . . are for the [superior] court alone to decide.") (quoting *DePasquale v. Superior Court*, 181 Ariz. 333, 336 (App. 1995)).

courts of the state constitute a single court, and the "judgments, decrees, orders and proceedings of any session of the superior court held by one or more judges shall have the same force and effect as if all the judges of the court had presided." Ariz. Const. art. VI, § 13. We will not interpret a statute as divesting the superior court of jurisdiction unless the legislature explicitly expresses that intent. *Mohave County v. James R. Brathovde Fam. Tr.*, 187 Ariz. 318, 321 (App. 1996). Here, the Yavapai County Superior Court exercised jurisdiction to adjudicate all claims relating to Andrew's care.

¶11 Still, Father argues the superior court lacked jurisdiction to hear the Grandparents' petition because A.R.S. § 25-402(B)(2) provides that a person other than a parent may request legal decision-making or parenting time "by filing a petition for third party rights under [A.R.S.] § 25-409 *in the county in which the child permanently resides.*" (Emphasis added.) We read this language as creating a venue requirement rather than a condition to the superior court's jurisdiction. *Sheets v. Mead*, 238 Ariz. 55, 57, ¶ 9 (App. 2015) ("[T]he court's power to conduct visitation and parenting time proceedings is provided by A.R.S. § 25-402, and [A.R.S.] § 25-409 simply sets forth the substantive criteria that govern visitation petitions."); *see also Brathovde Fam. Tr.*, 187 Ariz. at 321 (A provision stating that suit must be brought "in superior court in the county in which the real property is located" specified the venue for such actions and did not restrict the superior court's jurisdiction.).

¶12 Venue "is a privilege which permits one in whose favor it runs to have a case tried at a convenient place[;] it is personal and unless asserted may be waived." *Rohan Mgmt., Inc. v. Jantzen*, 246 Ariz. 168, 172, ¶ 11 (App. 2019) (alteration in original) (quoting *Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 83 (1965)). Because Father raises his objection to the venue for the first time on appeal, the issue is waived.

**B.     The Court Erred by Failing to Make Specific Findings Concerning Whether Father Rebutted the Presumption Against Awarding Decision-Making Authority to a Parent That Committed Domestic Violence.**

¶13 Father argues the superior court erred by failing to make specific findings concerning whether he rebutted the presumption that it was not in Andrew's best interests to award decision-making authority to him because he had previously committed an act of domestic violence. Grandparents respond that we may infer the court found Father had not rebutted the presumption because the court rejected Father's request and awarded them sole legal decision-making. They further claim that Father

waived the issue by not requesting factual findings under Arizona Rule of Family Law Procedure 82.

¶14 We review an award of legal decision-making and parenting time for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). An abuse of discretion occurs when the court commits an error of law that underlies its exercise of discretion. *Birnstihl v. Birnstihl*, 243 Ariz. 588, 591, ¶ 8 (App. 2018).

¶15 A.R.S. § 25-403.03(D) provides:

> If the court determines that a parent who is seeking sole or joint legal decision-making has committed an act of domestic violence against the other parent, there is a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests.

In determining whether a parent has committed domestic violence, the court must consider all relevant factors, including findings from another court of competent jurisdiction. A.R.S. § 25-403.03(C). If a court finds that a parent has committed an act of domestic violence against the other parent, the court must then determine whether the offending parent has rebutted the statutory presumption under A.R.S. § 25-403.03(D). A.R.S. § 25-403.03(E).

¶16 In *DeLuna*, we held that a court may not award legal decision-making to a parent who has committed domestic violence without first making specific findings regarding that parent's rebuttal of the presumption. 247 Ariz. at 423, ¶ 12. In this case, we resolve the other side of the coin: Must the court make specific findings regarding the offending parent's attempt to rebut the statutory presumption if it denies that parent's request for legal decision-making? We hold it must.

¶17 "In a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). This statutory requirement cannot be satisfied by inference from a court's order or waived by a party. *DeLuna*, 247 Ariz. at 423, ¶ 12 (findings will not be inferred); *Reid v. Reid*, 222 Ariz. 204, 209–10, ¶¶ 19–20 (App. 2009) (superior court must make A.R.S. § 25-403 findings even if not requested by a parent); *Francine C. v. DCS*, 249 Ariz. 289, 297, ¶ 18 (App. 2020) (statutory findings requirement cannot be waived). Because A.R.S. § 25-403.03 requires the superior court to consider domestic

violence evidence and any evidence that may rebut the statutory presumption when determining the child's best interests, a superior court must make findings regarding *both* of those issues.

**¶18** Here, on three prior occasions (memorialized in two protective orders and the 2016 Order), courts found Father committed acts of domestic violence against Mother. The superior court correctly found the three prior orders established a statutory presumption against Father having legal decision-making authority for the children. *See* A.R.S. 25-403.03(D) (listing acts by which one commits "domestic violence").

**¶19** Father argues his due process rights were violated when the superior court refused to allow him to present evidence concerning the previous domestic violence findings. He points to no specific ruling by the court to support his argument but cites several pages of the trial transcript in which the court warned Father that eliciting testimony regarding the previously decided matters would not be a good use of his time:

> This is your case. I'm not saying anything else. If you want to put on this testimony, that's certainly your prerogative. But I want to make it very clear for the record that these issues have been litigated, there have been Orders in this case. I am not going to vacate those Orders.

**¶20** As the superior court suggested, issue preclusion applies to bar litigation over the prior court findings of domestic violence.

> Issue preclusion, also known as collateral estoppel, precludes relitigating an issue of fact in a later case when, in a previous case, the same issue "was actually litigated, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full and fair opportunity to litigate."

*Crosby-Garbotz v. Fell*, 246 Ariz. 54, 55, ¶ 1 (2019) (quoting *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986); *Vera v. Rogers*, 246 Ariz. 30, 36, ¶ 22 (App. 2018) (A superior court judge cannot review or change a final judgment regarding a protective order once the judgment has become final.) (citing cases).

**¶21** In each of the prior proceedings, Father had a full and fair opportunity to litigate whether he committed the acts of domestic violence alleged. The court affirmed the 2014 protective order after a hearing. The court issued the 2016 Order after a trial in which it found Father had stalked Mother and the children, assaulted Mother in the presence of the children,

and engaged in a physical altercation that involved a struggle for a firearm. We find no error in the court's purported preclusion of evidence surrounding the previously litigated matters.

**¶22** Once a court finds a parent has committed an act of domestic violence, the offending parent may try to rebut the resulting presumption against sole or joint legal decision-making. The issue at this stage is not whether the parent committed the act of domestic violence that created the presumption. Instead, the issue is whether that parent has offered sufficient evidence to demonstrate that, notwithstanding the prior domestic violence, sole or joint legal decision-making is no longer "contrary to the child's best interests," A.R.S. § 25-403.03(D). In that regard, the statute provides that in determining whether the parent has rebutted the presumption, the court "shall consider" the following:

> 1. Whether the parent has demonstrated that being awarded sole or joint legal decision-making or substantially equal parenting time is in the child's best interests.
>
> 2. Whether the parent has successfully completed a batterer's prevention program.
>
> 3. Whether the parent has successfully completed a program of alcohol or drug abuse counseling, if the court determines that counseling is appropriate.
>
> 4. Whether the parent has successfully completed a parenting class, if the court determines that a parenting class is appropriate.
>
> 5. If the parent is on probation, parole or community supervision, whether the parent is restrained by a protective order that was granted after a hearing.
>
> 6. Whether the parent has committed any further acts of domestic violence.

A.R.S. § 25-403.03(E). Likewise, concerning parenting time, "[i]f the court finds that a parent has committed an act of domestic violence, that parent has the burden of proving to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F).

¶23 Thus, unlike the original domestic violence finding, the statute explicitly invites the offending parent to present evidence of a change in circumstances. In this respect, our supreme court has established a "change of circumstances rule" to apply principles of *res judicata* for parenting issues. *See Ward v. Ward*, 88 Ariz. 130, 134–35 (1960). As the court explained in *Ward*:

> The court, in issuing the original decree, found that the arrangement, therein set out was for the best interests of the child. No appeal having been taken, this decision became final, *upon the facts then before the court*, and no alteration will be made without a showing that the *factual situation has changed* to such an extent that the original decree can no longer reasonably be expected to serve the purpose.

*Id.* at 135 (emphasis added). Thus, a parent who has committed domestic violence may petition to modify decision-making and show new facts that rebut the statutory presumption in A.R.S. § 25-403.03(D) and (E). And a court must make specific findings regarding whether the parent's new evidence rebuts the presumption.

¶24 Here, the court failed to make the required findings regarding whether Father rebutted the statutory presumption. Therefore, we vacate the court's order relating to Andrew and remand the case for further consideration consistent with this opinion. On remand, we direct the superior court to hold an evidentiary hearing if any party requests it. If, after considering the factors listed in A.R.S. § 25-403.03(E), the court determines that Father rebutted the presumption against him, the burden would shift to Grandparents to show by clear and convincing evidence that it is not in Andrew's best interests for Father to be awarded legal decision-making authority. A.R.S. § 25-409(B). Because we remand for additional proceedings, we decline to address Father's argument that Grandparents failed to present clear and convincing evidence that an award of legal decision-making in his favor would not be in Andrew's best interests.

**CONCLUSION**

¶25 We vacate and remand the superior court's order concerning legal decision-making and parenting time for Andrew. We affirm the court's order regarding Brandon. Upon request by either party, the court shall conduct a hearing to determine legal decision-making and parenting time under A.R.S. §§ 25-403 and -409.



AMY M. WOOD • Clerk of the Court
FILED:    AA