NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SHERRI S. DUNN, a married woman, JACK D. DUNN, a married man,
*Plaintiffs/Appellees*,

*v.*

THE STATE OF ARIZONA, a governmental entity; JENNIE CUNICO, in
her official capacity as Acting Director of the Arizona Department of
Health Services, *Defendants/Appellants.*

No. 1 CA-CV 23-0067
FILED 9-7-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2022-013384
The Honorable Randall H. Warner, Judge

**AFFIRMED**

---

COUNSEL

Frazer Ryan Goldberg & Arnold, LLP, Phoenix
By James Michael Cool
*Counsel for Plaintiffs/Appellees*

Sherman & Howard, LLC, Phoenix
By Gregory W. Falls, Craig A. Morgan, Shayna Gabrielle Stuart
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1             The Arizona Department of Health Services appeals the superior court's order requiring the Department to disclose registration certificates awarded to medical marijuana dispensaries.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             This is a public records dispute.  Arizona law directs the Department to issue dispensary registration certificates to all licensed dispensaries, which the dispensaries must post on their walls for public inspection.  *See* A.R.S. § 36-2804, A.A.C. R9-17-310(A)(12)(b).    Each certificate bears the licensee's name and license number.

¶3             Sherri Dunn asked the Department on two occasions for permission to inspect any dispensary registration certificates issued by the Department in November or December 2021.  The Department denied each request, claiming that these registration certificates were exempt from Arizona public records laws under A.R.S. § 36-2810(A) of the Arizona Medical Marijuana Act ("AMMA").

¶4             Sherri Dunn and Jack Dunn, her husband, then filed this action in superior court against the Department, seeking a court order for the Department to disclose any dispensary registration certificates it issued in November or December 2021.  The Department moved to dismiss, arguing the registration certificates were protected under A.R.S. § 36-2810(A), and that an earlier action precluded this action.

¶5             The superior court found for the Dunns, reasoning that "[b]ecause the dispensary registration certificate is a public record not exempt from disclosure, the Department is obligated to disclose it."  The Dunns were also awarded $12,316.50 in attorney fees and $387.27 in costs.  The Department appealed.  We have jurisdiction.  *See* A.R.S. §§ 12-2101(A)(1), -120.21.

**DISCUSSION**

¶6 The Department raises two arguments on appeal, including that (1) the superior court misinterpreted A.R.S. § 36-2810(A), and (2) this action was barred by issue or claim preclusion. We address each in turn.

I. Public Records Issue

¶7 The Department argues the superior court misinterpreted AMMA. We review de novo an issue of statutory interpretation. *Town of Marana v. Pima Cnty.*, 230 Ariz. 142, 147, ¶ 20 (App. 2012). "Statutory interpretation requires us to determine the meaning of the words the legislature chose to use. We do so neither narrowly nor liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise." *S. Arizona Home Builders Ass'n v. Town of Marana*, ___ Ariz. ___, ___, ¶ 31, 522 P.3d 671, 676, (2023). When clear and unambiguous, we apply a statute's plain meaning. *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

¶8 The Department administers and enforces AMMA. *See* A.R.S. §§ 36-136(G), -2803. AMMA directs the Department to hold certain information in confidence:

A. The following information received and records kept by the department for purposes of administering this chapter are confidential, exempt from title 39, chapter 1, article 2, exempt from section 36-105 and not subject to disclosure to any individual or public or private entity, except as necessary for authorized employees of the department to perform official duties of the department pursuant to this chapter:

1. Applications or renewals, their contents and supporting information submitted by qualifying patients and designated caregivers, including information regarding their designated caregivers and physicians.

2. Applications or renewals, their contents and supporting information submitted by or on behalf of nonprofit medical marijuana dispensaries in compliance with this chapter, including the physical addresses of nonprofit medical marijuana dispensaries.

3. The individual names and other information identifying persons to whom the department has issued registry identification cards.

A.R.S. § 36-2810.

**¶9** The Department interprets this statute to protect all documents and information kept by the Department for purposes of administering AMMA. We reject that interpretation because it conflicts with the statute's plain language and basic principles of statutory construction. *See Town of Marana*, 522 P.3d at 676, ¶ 31 (courts must interpret statutes "according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise").

**¶10** The structure and syntax of Section 36-2810(A) reveals that the legislature crafted an exhaustive list of documents to be kept confidential, which fall into three categories. The legislature did not include dispensary registration certificates in this list. And no list would be required if the legislature intended to shield all the Department's records. *See MacKinney v. City of Tucson*, 231 Ariz. 584, 590–91, ¶ 19 (App. 2013) ("We avoid an interpretation that makes any language superfluous or redundant.") (internal quotations omitted).

**¶11** Section 36-2810(A)(2) does not apply because the Department issues these certificates. They are not "submitted by or on behalf of nonprofit medical marijuana dispensaries." Also, we reject the Department's interpretation because it conflicts with Arizona's strong public policy favoring disclosure of public records. *See, e.g., Phoenix Newspapers, Inc. v. Purcell*, 187 Ariz. 74, 81 (App. 1996) ("Arizona evinces a general 'open access' policy toward public records.").

## II. Issue and Claim Preclusion

**¶12** The Department also argues this action for public records is barred under the doctrines of claim and issue preclusion by a recent minute entry issued by the superior court in a different case. It was the Department's burden to "ensure that the record on appeal contain[ed] all transcripts or other documents necessary for us to consider the issues raised." *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (internal citations omitted). The Department has not provided that minute entry for our review, which it could have done under seal. *See* Ariz. R. Civ. P. 5.4(c)(5)(A) ("[A] a document that is filed under seal remains sealed when transmitted to an appellate court as part of the record on appeal."). Because

it did not, we assume it would support the superior court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).

**¶13**   Even reaching the merits, the Department still loses. The application of claim and issue preclusion is a legal issue, which we review de novo. *See Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 180, ¶ 6 (2007) (issue preclusion); *Hall v. Lalli*, 191 Ariz. 104, 106 (App. 1997) (claim preclusion). As the proponent of preclusion, the Department bears the burden of proof. *Airfreight Exp. Ltd. v. Evergreen Air Center, Inc.*, 215 Ariz. 103, 109, ¶ 15 (App. 2007).

**¶14**   Issue preclusion prevents a party from relitigating the same issue in a later case. *Olesen v. Daniel*, 251 Ariz. 25, 30, ¶ 20 (App. 2021). Claim preclusion prevents a party from bringing a second lawsuit when a prior judgment on the merits was rendered by a court of competent jurisdiction between the same parties. *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999).

**¶15**   These are two different doctrines that require different elements to satisfy, but they share the common element of finality. *Hawkins v. Dep't of Econ. Sec.*, 183 Ariz. 100, 103 (App. 1995). And that is particularly important here, where this court has since reversed the superior court order pressed by the Department to preclude this action. This court has directed the Department to disclose the dispensary registration certificates. *See Saguaro Healing, LLC v. Bachus*, 1 CA-SA 23-0066, 2023 WL 4499853 at *3, ¶ 12 (Ariz. App. July 13, 2023) ("[W]e remand to the superior court to unseal its two minute entry orders and those ex-parte documents which are not subject to the confidentiality protections of § 36-2810(A).").

## CONCLUSION

**¶16**   We affirm. Because the Dunns have substantially prevailed, we grant their request for attorney fees and costs on appeal under A.R.S. § 39-121.02(B), conditioned upon their compliance with ARCAP 21.

