NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KRISTA JEAN WASHUM, *Petitioner/Appellant*,

*v.*

SPENCER JAMES PASKETT, *Respondent/Appellee*.

No. 1 CA-CV 23-0759 FC

FILED 09-24-2024

Appeal from the Superior Court in Maricopa County
No. FC2019-096427
The Honorable Michael Valenzuela, Judge

**VACATED AND REMANDED**

COUNSEL

Cantor Law Group, PLLC, Phoenix
By Travis Owen, Amanda Rae Szpakowski
*Counsel for Appellant*

Woodnick Law, PLLC, Phoenix
By Markus W. Risinger
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1        Krista Washum ("Mother") appeals the superior court's order granting Spencer Paskett ("Father") joint legal decision-making and parenting time as the primary residential parent. For reasons that follow, we vacate the modification order and award of attorney's fees and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father married in 2011 and have two children, one born in 2014 and the other in 2015. In January 2020, Mother and Father dissolved their marriage by consent decree. Neither was represented by counsel at the time. The decree, as approved and entered by the court, included a finding that "[s]ignificant domestic violence has occurred during this marriage" but did not provide any underlying facts. The decree awarded Mother sole legal decision-making, and Father received no parenting time. Father later asserted that he agreed to the decree "because he was depressed, felt pressured, and did not want to fight Mother in court."

¶3        Notwithstanding the parenting time orders in the decree, Mother and Father agreed to allow Father parenting time. Father had parenting time with the children every weekend from January to June 2020, when Mother relocated with the children to Idaho. Father then moved to set aside the decree and petitioned to modify legal decision-making, parenting time, and child support, but the court denied both requests as untimely.

¶4        In January 2021, Father again petitioned to modify legal decision-making, parenting time, and child support. After a temporary orders hearing later that year, the court ordered temporary joint legal decision-making authority, with Mother having the final say, and awarded Father parenting time on a phased schedule, starting with video chats and

phone calls and increasing to unsupervised parenting time one weekend each month.

**¶5**     Mother did not facilitate the calls as ordered, and Father asked the court to appoint a therapeutic interventionist ("TI") to aid with reunification efforts.  Mother and Father agreed on a TI, who opined that the children seemed comfortable with Father and did not appear anxious about spending time with him.  As with Father's phone calls, Mother failed to facilitate the TI's work, and the court later found that overall, Mother "did not comply with the process."

**¶6**     In August 2023, the court held an evidentiary hearing on Father's petition to modify at which Mother, Father, and the TI testified. The court awarded Mother and Father joint legal decision-making, with Father having final say.  The court designated Father as the children's primary residential parent and granted Mother up to one week of parenting time each month in Arizona.  As part of the best-interests analysis, the court noted that each party alleged the other had committed domestic violence but found that neither had proven domestic violence.  *See* A.R.S. §§ 25-403(A)(8), -403.03.  Finding a disparity in financial resources and that Mother had been unreasonable, the court awarded Father a portion of his attorney's fees.  *See* A.R.S. § 25-324(A).

**¶7**     Mother timely appealed from the merits judgment and attorney's fee award.  We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶8**     Mother's primary contention on appeal is that the superior court erroneously disregarded the finding of significant domestic violence in the consent decree and thus erred by failing to follow § 25-403.03's domestic-violence-specific strictures and presumptions as to legal decision-making and parenting time.  We review the superior court's rulings on legal decision-making and parenting time for an abuse of discretion, deferring to the court's factual findings, but consider de novo any questions of law. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).  An error of law or a decision lacking record support constitutes an abuse of discretion.  *Id.*

## I.     Legal Decision-Making and Parenting Time.

**¶9**     Arizona courts determine legal decision-making and parenting time "in accordance with the best interests of the child."  A.R.S. § 25-403(A).  To do so, the court must consider all relevant factors bearing on the children's well-being.  *See, e.g.*, A.R.S. §§ 25-403(A)(1)–(11),

-403.01(B)(1)–(4). In contested cases, the court must make express findings "about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

¶10        Among the myriad factors bearing on best interests, the court must specifically consider "[w]hether there has been domestic violence or child abuse pursuant to § 25-403.03." A.R.S. § 25-403(A)(8). Section 25-403.03, in turn, creates an array of prohibitions and presumptions applicable to legal decision-making and parenting time decisions when the court finds various types or degrees of domestic violence by one or both of the parents. *See, e.g.*, A.R.S. § 25-403.03(A)–(B), (D)–(E), (F). First, the statute flatly prohibits an award of joint legal decision-making if the court finds "significant" domestic violence as defined in § 13-3601 or a "significant history" of domestic violence. A.R.S. § 25-403.03(A). If the court finds one parent committed "an act" of domestic violence against the other, the statute imposes a rebuttable presumption that awarding legal decision-making to the perpetrator is contrary to the child's best interests; no presumption applies if each parent has committed domestic violence against the other. A.R.S. § 25-403.03(D) (qualifying acts and presumption), (E) (rebutting the presumption). A parent found to have committed an act of domestic violence must prove that granting parenting time will not endanger the child, and the court may impose conditions on any parenting time awarded as necessary to protect the child and the other parent. A.R.S. § 25-403.03(F). And in all cases, the court must consider domestic violence to be against a child's best interests and place "primary importance" on the victim's and child's safety. A.R.S. § 25-403.03(B).

¶11        As with any best-interests factor relevant to a contested case, the court must make findings regarding the existence of domestic violence ("significant" or otherwise) and whether the statutory presumption has been rebutted. *Olesen v. Daniel*, 251 Ariz. 25, 29, ¶ 17 (App. 2021) (as amended); *see also In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5 (App. 2002). Failure to make the requisite findings is reversible error. *See Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 18 (App. 2013); *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).

### A.        Significant Domestic Violence.

¶12        Mother argues that the superior court's ruling is fatally flawed because the court found no domestic violence (and made its legal decision-making and parenting time decisions accordingly) despite the finding of significant domestic violence in the consent decree. We agree.

4

¶13 In ruling after the evidentiary hearing on modification, the superior court acknowledged that each party alleged the other had committed domestic violence and recited the relevant statutory provisions, but it found that neither had proven the existence of domestic violence. Although the court carefully considered the evidence presented at the evidentiary hearing in reaching this conclusion, the court was not writing on a blank factual slate.

¶14 The consent decree included an express finding that "[s]ignificant domestic violence has occurred during this marriage." Although initially devised by the parties' agreement, the superior court approved the consent decree—making the findings its own—and entered the decree as a final judgment. *See* Ariz. R. Fam. Law P. 78(a)(1), (c). Although the court here found that changed circumstances warranted modification, the question of whether domestic violence (here, significant domestic violence) existed had already been litigated and decided. *See Olesen*, 251 Ariz. at 30, ¶¶ 20–22. Accordingly, the superior court erred by disregarding the prior finding of significant domestic violence.

¶15 The consent decree's recital that "[s]ignificant domestic violence has occurred during this marriage" affects the court's ruling in several ways. First, because the finding reflects *significant* domestic violence, § 25-403.03(A) precludes an award of joint legal decision-making as the court here directed. On remand, the court must determine which parent should be awarded sole legal decision-making.

¶16 Second, the existence of significant domestic violence presupposes the existence of at least some act of domestic violence, which likely implicates the presumption against awarding legal decision-making authority to the perpetrator. *See* A.R.S. § 25-403.03(D). As Father highlights, however, the consent decree did not describe the facts underlying the domestic violence finding, or even which of them perpetrated the violence. On remand, the court must determine whether the domestic violence was committed by Mother, Father, or both. Depending on that factual determination, the court must consider whether the presumption under § 25-403.03(D) applies and, if so, whether the perpetrator has rebutted that presumption as described in § 25-403.03(E).

¶17 Third, a parent found to have committed an act of domestic violence must prove that parenting time would not endanger the children. *See* A.R.S. § 25-403.03(F). Depending on the court's factual determination as to the perpetrator(s) of domestic violence, the court on remand must

assess whether that burden of proof has been met and whether conditions on parenting time are necessary. *See* A.R.S. § 25-403.03(F)(1)–(9).

¶18 Finally, the court's factual determination on remand as to the perpetrator(s) of the domestic violence may (or may not) affect its assessment of other best-interests factors, including which parent is more likely to permit contact with the other under A.R.S. § 25-403(A)(6), whether Mother's relocation should be weighed against her under A.R.S. § 25-403.03(I), and how to weigh that factor under A.R.S. § 25-403.03(B).

¶19 Accordingly, we vacate the modification order and remand for the superior court to make additional findings and adjust its best-interests assessment as necessary given the existing finding of significant domestic violence in the consent decree. Other than the prohibition on awarding joint legal decision-making under § 25-403.03(A), the superior court has discretion on remand to award sole legal decision-making and parenting time as appropriate, after making the requisite findings and engaging in the domestic-violence-specific analysis described above. We express no opinion on the court's ultimate conclusions as to the appropriate allocation of authority and parenting time.

### B. Other Considerations.

¶20 Mother challenges the court's parenting time decision on several grounds distinct from the domestic-violence issue. We address these arguments insofar as they may constrain the issues on remand.

¶21 Mother argues that the court erred by designating Father as the primary residential parent because the children had lived with her for a substantial period without issue. *See Johnson v. Johnson*, 13 Ariz. App. 574, 577 (App. 1971) ("[W]here young children have by a custody award been placed in one home and have remained there for a substantial period of time and the situation there appears to be satisfactory, the court should be reluctant to remove them."). But status quo is not a substitute for a best-interests assessment, particularly when the court has found a change in circumstances warranting modification. *See Backstrand v. Backstrand*, 250 Ariz. 339, 343, 345–46, ¶¶ 14, 25 (App. 2020).

¶22 Here, the court analyzed all best-interests factors (other than the domestic violence issue described above) under A.R.S. § 25-403(A)(1)–(11), as well as factors bearing on relocating the children from Idaho to Arizona under A.R.S. § 25-408(I)(2)–(8). The court found no credible evidence that Father was a threat to the children and concluded that Mother had acted to frustrate Father's relationship with the children. Mother

asserts that Father's lack of contact with the children was not due to her relocation or interference, but rather because the consent decree granted him no parenting time or legal decision-making authority. But the court highlighted Mother's noncompliance with the temporary orders that *did* grant Father a share of legal decision-making and phased-in parenting time, and the court considered evidence from Father and the TI outlining Mother's actions hindering the reunification process. Although Mother views things differently, the court had an adequate basis supporting its decision to designate Father as the primary residential parent (subject to the court's consideration of the domestic-violence issue on remand).

**¶23** Mother further contends that the court erred by giving improper weight to the TI's testimony. Although the court cannot delegate to an expert witness its responsibility to make an independent best-interests assessment, the court here did not do so. *See Nold*, 232 Ariz. at 273–74, ¶ 14. Rather, the court recounted certain evidence provided by the TI and permissibly exercised its discretion to credit that evidence, just as it may weigh conflicting evidence and assess the credibility of witnesses generally. *See Backstrand*, 250 Ariz. at 346, ¶ 27.

**¶24** Accordingly, Mother has not shown error beyond the domestic-violence issue described above.

## II.     Attorney's Fees in Superior Court.

**¶25** Mother argues the superior court erred by awarding Father attorney's fees under A.R.S. § 25-324(A), asserting that the court wrongly found that she took unreasonable positions. Because we vacate the modification order on which the fee award was based, we likewise vacate the award of attorney's fees without prejudice to a future request on remand.

## III.     Attorney's Fees on Appeal.

**¶26** Both sides request an award of attorney's fees on appeal. Mother cites only ARCAP 21, which is not a substantive basis for an award. *See* ARCAP 21(a)(2). Father seeks an award under A.R.S. § 25-324(A). Having considered the relevant statutory factors and in an exercise of our discretion, we deny both requests.

## CONCLUSION

¶27        For the foregoing reasons, we vacate the modification order and attorney's fee award and remand for further proceedings consistent with this decision.

