NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MEREDITH CASEY MCMANUS , *Petitioner/Appellant*,

*v.*

RICHARD PAUL MCMANUS , *Respondent/Appellee*.

No. 1 CA-CV 24-0787 FC

FILED 08-12-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-006844
No. FC2022-053064
The Honorable Patricia Starr, Judge

**VACATED AND REMANDED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Marlene A. Pontrelli, Alexandra Crandall, Aurora M. Walker
*Counsel for Petitioner/Appellant*

The Valley Law Group PLLC, Phoenix
By Ryan M. Reppucci
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Angela K. Paton and Judge Daniel J. Kiley joined.

---

**F U R U Y A**, Judge:

**¶1** Meredith Casey McManus ("Wife") appeals the superior court's denial of her request for spousal maintenance. Because the dissolution decree contains ambiguous and conflicting findings of eligibility under Arizona Revised Statute ("A.R.S.") § 25-319(A) and fails to apply the Spousal Maintenance Guidelines ("Guidelines")[1] as required by § 25-319(B), we vacate the maintenance ruling and remand for clarification and, if necessary, further analysis.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Wife and Richard Paul McManus ("Husband") married in 2009 and have two children, born in 2010 and 2014. The parties settled the property issues in their dissolution but went to trial on child-related issues and spousal maintenance. Wife requested $8,000 a month in spousal maintenance for sixty months based on her application of the Guidelines. The only issue on appeal is the denial of Wife's request for spousal maintenance.

**¶3** The parties moved from New York to Arizona in 2014 to advance Husband's career. Husband is a regional vice president at a financial services firm, earning more than $367,000 a year. Throughout most of the marriage, Wife stayed home to take care of their two young children. Wife started working part-time in 2019 and then full-time in 2021 as an associate at a financial services firm where she still works. She earns $62,000 a year.

**¶4** The parties agreed to equally divide their community investment and retirement accounts and the proceeds from the sale of the marital home. The record does not show exactly how much each party

---

[1] Available at https://www.azcourts.gov/familylaw/Child-Support-Family-Law-Information/Spousal-Maintenance-Guidelines.

received, but Husband testified that they would each receive $700,000 total. Of that, around $300,000 came from the home sale, and the remaining $400,000 was a combination of retirement and investment assets.

**¶5** After trial, the superior court found that, under a "generous" view of the evidence, Wife "might" be eligible for spousal maintenance under A.R.S. § 25-319(A)(1) and (4). Nonetheless, without using the Guidelines to calculate a presumptive award, the court denied spousal maintenance, concluding that Wife was employed and self-sufficient. The court denied Wife's motion to alter or amend this ruling.

**¶6** Wife timely appealed from the final, appealable order. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** Wife contends the superior court abused its discretion by denying her request for spousal maintenance. She argues that because she was eligible for spousal maintenance under A.R.S. § 25-319(A), the court was required to apply the Guidelines and the calculator to determine whether she was entitled to a presumptive award. Husband counters that Wife did not prove eligibility, so the court was not required to apply the Guidelines.

**¶8** We review the court's spousal maintenance decision for an abuse of discretion. *Cullum v. Cullum,* 215 Ariz. 352, 354 ¶ 9 (App. 2007). We view the evidence in the light most favorable to upholding the ruling and will affirm if reasonable evidence supports it. *Id.* However, an abuse of discretion occurs when the court misapplies the law in reaching a discretionary decision. *Olesen v. Daniel,* 251 Ariz. 25, 29 ¶ 14 (App. 2021).

## I. The Court Must First Determine Eligibility for Spousal Maintenance under A.R.S. § 25-319(A).

**¶9** The spousal maintenance analysis begins with Section 25-319(A), which sets out five independent grounds for eligibility. A spouse is eligible if they establish any one of the following:

> 1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.

> 2. Lacks earning ability in the labor market that is adequate to be self-sufficient.

3. Is the parent of a child whose age or condition is such that the parent should not be required to seek employment outside the home.

4. Has made a significant financial or other contribution to the education, training, vocational skills, career or earning ability of the other spouse or has significantly reduced that spouse's income or career opportunities for the benefit of the other spouse.

5. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

A.R.S. § 25-319(A); *see In re Marriage of Cotter,* 245 Ariz. 82, 86 ¶ 10 (App. 2018). If a requesting spouse satisfies one of these grounds, she is *eligible* for an award of spousal maintenance. *Cotter,* 245 Ariz. at 86 ¶ 10. If the court finds the spouse eligible, it must proceed to the second step: determining *entitlement* under Section 25-319(B) and the Guidelines § I.D. *See id.* at 85 ¶ 7.

**¶10** Here, the superior court's decree contains ambiguous and conflicting language, making its eligibility finding unclear. The decree first states that, "viewed in a generous light, [Wife] might qualify for spousal maintenance under grounds 1 and 4." However, it also expresses skepticism about the sufficiency of the evidence on both grounds. Regarding Section 25-319(A)(1), the court stated: "Mother did not present sufficient evidence on this point for the Court to make such a determination with any accuracy." As to Section 25-319(A)(4), the court acknowledged that Wife stayed home and allowed Husband to advance in his career but concluded, "[Wife] failed to show the extent to which she could have advanced in her career had she not done so." Notwithstanding those reservations, the decree later asserts: "Despite [Wife] *establishing the grounds for an award*, the Court finds that no spousal maintenance award should be granted." (emphasis added).

**¶11** These statements cannot be reconciled. If the court found Wife ineligible under Section 25-319(A), it properly denied maintenance without applying the Guidelines. But if the court found her eligible—even by the thinnest of margins—it was required to calculate a presumptive award and proceed in accordance with Section 25-319(B) and the Guidelines. *See Cotter*, 245 Ariz. at 87 ¶ 13. The decree suggests both conclusions, injecting ambiguity and leaving the legal basis for the denial unclear.

¶12 Additionally, the court erred by requiring Wife "to show the extent to which she could have advanced in her career" had she stayed in the workforce. The statute does not require any showing beyond a "significant" reduction in the requesting spouse's income or career opportunities, or a "significant" contribution to the other spouse's earning ability or career. *See* A.R.S. § 25-319(A)(4). It is reasonable to infer that a gap in the requesting spouse's career path negatively affects that spouse's income or career potential. The court erred to the extent it implicitly required Wife to show a quantifiable reduction.

¶13 Because we cannot determine whether the court's ruling reflects a proper exercise of discretion or a misapplication of law, we vacate the denial of spousal maintenance and remand for clarification. If the court determines on remand that Wife is not eligible, no further analysis is required.

## II. If the Court Finds Eligibility, It Must Apply the Guidelines to Determine Entitlement.

¶14 Though we must vacate the court's spousal maintenance order as explained above, we further address Wife's arguments regarding the court's error in assessing her entitlement without performing the necessary calculations and analysis under the Guidelines. We do so because that issue could reasonably present itself again in this case. *See In re M.P.*, __ Ariz. __, __ ¶ 29, 2025 WL 1561175 at *7 (Ariz. App. June 3, 2025).

¶15 In 2022, the legislature amended A.R.S. § 25-319 and directed the supreme court to establish spousal maintenance guidelines. *See* Guidelines § I.A. As amended, Section 25-319(B) states that "[t]he amount of spousal maintenance resulting from the application of the [G]uidelines shall be the amount of spousal maintenance ordered by the court unless the court finds in writing that applying the [G]uidelines would be inappropriate or unjust."

¶16 Consistent with the statute, Guidelines § I.D. provides that the court must proceed with the spousal maintenance calculation if it finds a party is eligible for spousal maintenance. The Guidelines use a calculator to determine a presumptive amount range "from which the court determines the appropriate amount." Guidelines § I.A.

¶17 The court may nevertheless deviate from the presumptive range or deny an award of spousal maintenance if it determines the amount resulting from the Guidelines is inappropriate or unjust. Guidelines §§ I.D.,

V. But to determine whether the presumptive award amount under the Guidelines is inappropriate or unjust, the court must first apply the Guidelines and run the calculator. *Id.* Only with that information in hand can the court properly consider a deviation and make the necessary findings to that end. Indeed, the deviation section of the Guidelines requires the court to make written findings stating why the amount within the range is inappropriate or unjust, what the amount range would have been under the Guidelines, and what the amount is after deviating. Guidelines § VI.B.

**¶18**        Here, assuming that the court found Wife eligible, it skipped the required second step. It did not apply the Guideline calculator or determine a presumptive maintenance award. Instead, the court denied maintenance based on its view that Wife was already self-sufficient and that the goals of maintenance had already been met. That reasoning may support a deviation from the presumptive award, but only after the court performs the calculation and makes the required findings. Guidelines § VI.B.2.

**¶19**        In light of this error,[2] we vacate the court's denial of spousal maintenance and remand for the court to clarify whether Wife has established her eligibility for spousal maintenance under at least one ground specified in A.R.S. § 25-319(A). If Wife has failed to establish her eligibility, then the court must unequivocally state as much in its findings and its analysis ends there. However, if the court should determine that Wife has established her eligibility for spousal maintenance under at least one of the statutory grounds, then the court must first comply with the

---

[2]        We also reject Husband's argument that the Guidelines only apply where a spouse proves both eligibility and lack of self-sufficiency. That interpretation improperly merges the eligibility inquiry with the entitlement analysis. It is also contrary to *Cotter*, 245 Ariz. at 86 ¶ 10, since a spouse need only show one factor in Section 25-319(A) to be eligible for an award. The factors in Section 25-319(A) alone determine eligibility. To be sure, some of those factors address self-sufficiency, but some account for other circumstances in which spousal maintenance is appropriate. *See* A.R.S. § 25-319(A)(3) and (4). If the legislature intended to add the lack of self-sufficiency as another requirement for eligibility beyond the Section 25-319(A) factors, we presume it would have done so when it amended subsection (B). *See Hart v. Hart*, 220 Ariz. 183, 187 ¶ 17 (App. 2009) ("[S]tandard principles of statutory construction require that we do not judicially impose a requirement the legislature has intentionally chosen not to require." (citation omitted)).

Guidelines before deviating. And it must make appropriate further findings to support its deviation.

## ATTORNEYS' FEES AND COSTS ON APPEAL

**¶20** Husband requests an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. In light of Husband's significantly greater financial resources, we deny his request. Because we are remanding for further proceedings, we cannot yet determine whether either party is entitled to costs under A.R.S. § 12-342(A) and instruct the superior court to award costs on appeal consistent with this statute on remand.

## CONCLUSION

**¶21** We vacate the court's denial of spousal maintenance and remand for further proceedings. On remand, the court must clarify whether Wife is eligible for maintenance under any of the grounds listed under Section 25-319(A). If so, it must then determine her entitlement under Section 25-319(B) by applying the Guidelines and calculating a presumptive award. If the court finds a deviation is appropriate, it shall issue written findings consistent with the requirements under the Guidelines. The court shall also determine the award of costs on appeal.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR