NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CHRISTOPHER V., *Petitioner/Appellee,*

*v.*

ERICA O., *Respondent/Appellant.*[1]

No. 1 CA-CV 25-0655 FC

FILED 04-15-2026

Appeal from the Superior Court in Maricopa County
No.  FC2024-092397
The Honorable William R. Wingard, Judge

**VACATED AND REMANDED IN PART**

COUNSEL

Bishop Del Vecchio & Beeks Law Office, PC, Phoenix
By Daniel P. Beeks
*Counsel for Petitioner/Appellee*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Respondent/Appellant*

---

[1] To safeguard the identities of minor children, it is ordered that the clerk of this court shall amend the caption (and the short caption) of this appeal as shown. It is further ordered that the amended caption shall be used on all future documents filed in this matter.

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Acting Presiding Judge D. Steven Williams and Judge Angela K. Paton joined.

---

**B A I L E Y**, Judge:

¶1　　　　This appeal challenges the adequacy of the superior court's findings supporting its orders on legal decision-making authority and parenting time. Because the court failed to make specific findings on domestic violence and drug use as required by Arizona Revised Statutes ("A.R.S.") §§ 25-403, 25-403.03, and 25-403.04, we vacate the legal-decision-making and parenting-time orders and remand for reconsideration and appropriate findings.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　Erica O. ("Mother") and Christopher V. ("Father") were in a relationship from 2009 to 2012, and had two children: Daughter, born in early 2010, and Son, born in late 2012. By informal agreement, Mother and Father shared substantially equal parenting time and responsibilities for many years after their breakup.

¶3　　　　In mid-2024, after Mother unilaterally changed the children's schools, Father initiated a paternity action asking the court to formally order joint legal decision-making authority and equal parenting time. Mother responded and asked for sole legal decision-making authority and majority parenting time, alleging that Father committed domestic violence against both her and the children.

¶4　　　　The matter proceeded to trial in early 2025. At trial, Mother testified that when she was pregnant with Daughter fifteen years earlier, Father (1) set a gun on a table in front of her to prevent her from leaving during an argument; (2) months later, forcibly slapped her face; and (3) on a different occasion, threatened suicide, choked her, and dragged her. She further testified that Father choked her not long after Son's birth, when she was holding Son. Mother's former employer testified that he saw cuts and bruises on Mother's body and face at least three separate times in 2009, and Mother's sister testified that she saw scrapes and redness on Mother's body and face in 2010.

¶5        Mother also testified that Father attacked her after their breakup. She testified that at a late-2016 child exchange, Father pushed her, pinned her to the ground, and tried to choke her, and then punched her car door when she left with the children. Although Father's neighbor characterized Mother as the sole aggressor in the incident, Mother reported that she fought back only after being attacked and Daughter told the court-appointed advisor ("CAA") that she saw Father choke Mother.

¶6        Mother also presented evidence that Father assaulted Daughter. First, Daughter's maternal grandmother testified that in late 2018, she saw marks on Daughter's neck and Daughter disclosed Father had strangled her. Second, Mother testified that in mid-2021, she saw an injury on Daughter's lip and Daughter said Father had slapped her. Third, Mother testified that in late 2023, she saw marks on Daughter's neck and Daughter said Father had threatened her pets and then choked her. Daughter eventually told her therapist and the CAA about the 2023 incident, and the Department of Child Safety investigated but could not substantiate the report.

¶7        Father denied the domestic-violence allegations both at his interview with the CAA and at trial. He acknowledged that he and Mother had a high-conflict past, but he asserted that he never choked anyone, never hit the children in their faces, never threatened Daughter's pets, and had only grabbed the front of Daughter's shirt. At trial, he also provided a recording of a phone call where Mother threatened to report him for child abuse once he said he was going to talk to her family about why she changed the children's schools. Father acknowledged that he used marijuana, which drug tests confirmed, but he provided medical marijuana cards authorizing him to use the drug from 2022 onward.

¶8        The superior court concluded that Father "has engaged in acts of domestic violence against [Mother]," but "those acts in the spectrum of domestic violence do not constitute significant as contemplated by statute," and that Father rebutted the statutory presumption against a domestic-violence perpetrator receiving legal decision-making authority. The court further concluded that Father rebutted the statutory presumption against a drug user receiving legal decision-making authority. The court awarded the parties joint legal decision-making authority and equal parenting time but ordered Father to complete a batterer's intervention program.

¶9        Mother moved to alter or amend the judgment under Arizona Rule of Family Law Procedure 83. She then filed a lengthy amended motion accompanied by a motion to exceed the page limit. The superior court denied all three motions.

**¶10** Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶11** Mother contends that the superior court failed to make adequate findings to support its rulings on legal decision-making authority and parenting time. We agree.

**¶12** A.R.S. § 25-403 requires the superior court to determine legal decision-making authority and parenting time in accord with the child's best interests, considering enumerated and other relevant factors. In a contested case, the court must "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). Failure to make the findings constitutes an abuse of discretion. *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11 (App. 2009).

**¶13** Specific findings enable effective appellate review, guide the best-interests analysis, and provide a baseline against which future best-interests inquiries are measured. *Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009). The requirement for specific best-interests findings cannot be waived.[2] *Olesen v. Daniel*, 251 Ariz. 25, 29, ¶ 17 (App. 2021); *see also Nold v. Nold*, 232 Ariz. 270, 272-73, ¶¶ 7-10 (App. 2013). Nor can it be satisfied by inference. *Olesen*, 251 Ariz. at 29, ¶ 17. Cursory findings that fail to explain how the court weighed the evidence are insufficient. *Reid*, 222 Ariz. at 207, ¶ 13; *see also Engstrom v. McCarthy*, 243 Ariz. 469, 474, ¶ 18 (App. 2018) ("The court must . . . make specific findings explaining its reasoning and conclusions."). As a general principle, findings of fact must be "pertinent to the issues and comprehensive enough to provide a basis for the decision." *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 299 (1993) (citation omitted). In other words, the findings must be "sufficiently specific" to allow an appellate court to accurately assess the ruling's validity by reviewing, without speculation, "*how* the trial court actually arrived at its conclusion." *Id.* (citation omitted); *see also Owen v. Blackhawk*, 206 Ariz. 418, 420-21, ¶¶ 8-9, 12 (App. 2003) (holding in the relocation context that the court's failure to "elaborate or explain how it weighed any factor" in assessing the child's best interests was an abuse of discretion because

---

[2] We therefore reject Father's contention that Mother waived her ability to challenge the findings by raising it for the first time in an amended post-judgment motion that was denied along with an accompanying request to exceed the page limit.

"[w]ithout further explanation from the trial court regarding its consideration of the applicable factors, we cannot say that the trial court did not focus too much attention on" one factor to the exclusion of others).

¶14        One of the factors that the court must consider and make specific findings on is "[w]hether there has been domestic violence or child abuse pursuant to § 25-403.03." A.R.S. § 25-403(A)(8); *see Olesen*, 251 Ariz. at 29, ¶ 17 (holding that the court must make specific findings under § 25-403.03); *Engstrom*, 243 Ariz. at 474, ¶ 18 (same). The § 25-403.03 inquiry requires the court to determine not only whether domestic violence occurred, but also the character of the acts.

¶15        Under § 25-403.03(A), joint legal decision-making authority is precluded "if the court makes a finding of the existence of significant domestic violence pursuant to § 13-3601 [which includes, inter alia, assault under § 13-1203(A) by intentionally causing physical injury or reasonable apprehension of imminent physical injury] or if the court finds by a preponderance of the evidence that there has been a significant history of domestic violence." The statute does not define "significant." *See* A.R.S. § 25-403.03; *DeLuna v. Petitto*, 247 Ariz. 420, 424, ¶ 15 n.6 (App. 2019). But whether a particular act of domestic violence under § 13-3601 is "significant" or part of a "significant history" reasonably may be determined by considering factors such as the seriousness of the incident, the frequency or pervasiveness of the violence, and the passage of time and its impact. *DeLuna*, 247 Ariz. at 424, ¶ 15 n.6.

¶16        If the court finds no "significant" acts or "significant history" of domestic violence under § 25-403.03(A), the inquiry does not end. *Id.* at 423, ¶ 12. Under § 25-403.03(B), any domestic violence must be considered as contrary to the child's best interests. The court must consider the perpetrator's history of causing or threatening to cause physical harm and must give "primary importance" to the safety and well-being of children and victims. A.R.S. § 25-403.03(B); *see also Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 16 (App. 2013). Accordingly, the court must determine not only what acts occurred, but also their impact on the child. *See Christopher K.*, 233 Ariz. at 302, ¶ 23. With respect to parenting time, if a parent has committed "an act of domestic violence," he or she "has the burden of proving to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development," and if this burden is met, "the court shall place conditions on parenting time that best protect the child and the other parent from further harm." A.R.S. § 25-403.03(F). And with respect to legal decision-making authority, a parent's commission of non-"significant" domestic violence may in some circumstances prevent the wrongdoer from receiving sole or joint authority.

*See* A.R.S. § 25-403.03(D). Specifically, there is a rebuttable presumption against awarding any legal decision-making authority to a parent who engages in domestic violence against the other parent (who does not do the same) by either causing serious physical injury to the other parent, placing the other parent in reasonable apprehension of imminent serious physical injury to any person, or engaging in a pattern of behavior for which a court may issue an ex parte protective order for the other parent, the child, or the child's siblings. A.R.S. § 25-403.03(D). To determine whether the presumption is rebutted, the court must consider enumerated factors. A.R.S. § 25-403.03(E).

¶17        Here, in conducting its best-interests analysis, the superior court stated Mother "alleged that Father has committed acts of domestic violence by slapping and choking her" and "testified about acts of domestic violence that [F]ather has committed against her and [Daughter]." The court further stated that "[Daughter] also expressed being choked by Father" and "[o]ther information was provided about Father's acts against [Daughter] . . . in the CAA report." But those statements were not findings of fact as to the alleged domestic violence—they merely cataloged the evidence presented. And the court discredited the evidence regarding Father's alleged abuse of Daughter because it found only that "[Father] has engaged in acts of domestic violence against [Mother]."[3]

¶18        After finding that Father committed domestic violence against Mother, the superior court addressed § 25-403.03(A). First, the court misquoted the statute by repeating the phrase "significant domestic violence" where the latter part of the statute refers to "a significant *history* of domestic violence." *See* A.R.S. § 25-403.03(A) (emphasis added). Next, the court stated that it would assess significance based on the seriousness of the incident, the frequency or pervasiveness of the violence, and the passage of time and its impact. That was reasonable. *See DeLuna*, 247 Ariz. at 424, ¶ 15 n.6. But the court did not then expressly engage in that or any other analysis to assess whether the domestic violence was "significant" or part of a "significant history." In fact, the court failed to identify which of the several alleged acts of domestic violence against Mother it found proven. Without specific findings of fact articulating what acts Father perpetrated and why they were not significant either individually or cumulatively, we cannot discern the court's reasoning for its determination

---

[3] Mother's contention that the court found Father committed domestic violence against Daughter is unsupported. And we will not re-weigh the evidence or second-guess the court's credibility determinations on the issue. *See Hurd*, 223 Ariz. at 52, ¶ 16.

that § 25-403.03(A) did not apply.  *See Miller*, 175 Ariz. at 299.  Additionally, the determination was incomplete because after the court found the domestic violence was not "significant," it did not then address whether it was nonetheless part of a "significant history" of domestic violence as required under § 25-403.03(A).

**¶19**　　　The superior court's findings on the effect of Father's domestic violence under § 25-403.03(D), (E), and (F) were similarly deficient because, again, the court failed to identify the acts it found proven.  Without specific findings of fact identifying and evaluating the relevant acts, conclusions under any subsection of § 25-403.03 cannot be adequately evaluated for error.  *See Miller*, 175 Ariz. at 299.  The superior court erred by failing to make sufficient findings.  *See Hurd*, 223 Ariz. at 51, ¶ 11.

**¶20**　　　On this record, we must vacate the legal-decision-making and parenting-time orders and remand for reconsideration.  On remand, the court must make specific findings that identify the acts of domestic violence Father committed against Mother and assess those acts under the standards of each applicable subsection of § 25-403.03.

**¶21**　　　On remand, the superior court must also make specific findings under § 25-403.04.  Section 25-403.04 creates a rebuttable presumption against awarding any legal decision-making authority to a parent who has abused drugs or been convicted of a drug offense within the twelve months preceding the petition.  By its terms, the statute requires specific findings: it provides that the court "shall state its . . . 1. Findings of fact that support its determination that the parent abused drugs or . . . was convicted of the offense . . . [and] 2. Findings that the legal decision-making or parenting time arrangement ordered by the court appropriately protects the child."  A.R.S. § 25-403.04(A).  The statute also requires the court to consider enumerated rebuttal factors if the presumption applies, including, under subsection (B)(1), whether the parent has been convicted of any other drug offense within the previous five years.  A.R.S. § 25-403.04(B).

**¶22**　　　Here, the court concluded that the statutory presumption arose and was rebutted based on findings that "Father's test results show he is using marijuana," "he maintains a medical marijuana card," and he "also has a prior conviction for narcotics."  Those findings did not, however, support the court's conclusions.  To start, the findings were inadequate to show that the presumption arose.[4]  Although the court found that Father

---

[4]  Mother argues that we should assess the adequacy of the findings only on the rebuttal factors because Father did not appeal the application of the

was using marijuana and had a medical use card, it made no finding that his use amounted to "abuse[]" under § 25-403.04(A). And while the court found that Father had a prior drug conviction, the evidence showed he had only one such conviction and it occurred almost four years before the petition, well outside the timeframe contemplated by § 25-403.04(A).

¶23 Further, the court failed to make a finding under § 25-403.04(A)(2) that the legal decision-making and parenting-time awards appropriately protected the children. Additionally, the court made conflicting findings on the § 25-403.04(B) rebuttal factor. Although the court found a prior conviction that necessarily qualified for consideration under § 25-403.04(B)(1), the court nonetheless separately found that there was "[n]o credible evidence presented" regarding that subsection.[5]

## CONCLUSION

¶24 In determining legal decision-making authority and parenting time, the superior court failed to make sufficient findings under A.R.S. §§ 25-403.03 and -403.04. We vacate the legal-decision-making and parenting-time orders, and remand for reconsideration and appropriate findings. We express no opinion on the merits. We deny the parties' competing requests for discretionary attorneys' fees and costs.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

---

presumption. We disagree. *See Olesen*, 251 Ariz. at 29, ¶ 17 (holding that the requirement for best-interests findings supersedes waiver principles).

[5]  We note that § 25-403.04 defines the relevancy of a parent's criminal history in terms of the timing of the conviction—not the underlying conduct—for purposes of determining both whether the presumption arises and whether it is rebutted. *See* A.R.S. § 25-403.04(A), (B)(1).